UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RIGOBERTO GAMINO SALTO, | |
| Petitioner, | |
| v. | CAUSE NO. 3:26-CV-207-CCB-SJF |
| SAM OLSON, et al., | |
| Respondents. | |

## OPINION AND ORDER

Immigration detainee Rigoberto Gamino Salto, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.) Mr. Gamino Salto is a citizen of Mexico who entered the United States without inspection in approximately 2005. (ECF 7 at 3.) He came to the attention of immigration officials after being arrested on November 14, 2025, by local law enforcement in East Chicago, Indiana, on a firearms charge.[1] (ECF 7-2 at 10-15.) On November 19, 2025, he was arrested by agents of Immigration and Customs Enforcement (ICE) pursuant to an administrative warrant and was issued a Notice to Appear in immigration court for removal proceedings. (*Id.* at 5-11.)

---

[1] Public records reflect that the charge remains pending, with a status hearing scheduled in April 2026. *See State of Indiana v. Gamino Salto,* No. 45G03-2511-F6-003319 (Lake Sup. Ct. filed Nov. 17, 2025).

He was then transferred to Miami Correctional Facility (MCF), where he remains at present pending a resolution of his removal proceedings.[2] He sought release on bond, but an immigration judge denied his request, concluding that he is subject to mandatory detention under 8 U.S.C. § 1252(b)(2) and citing *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (ECF 9-1 at 2.) He argues that his continued detention without an opportunity for bond violates applicable statutes and the Fifth Amendment Due Process Clause. (ECF 1 at 24-25.) He seeks immediate release or, alternatively, a prompt bond hearing. (*Id.* at 25.)

In an order to show cause, the court directed the Respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 4.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Respondents have answered the petition (ECF 7), and Mr. Gamino Salto has filed a reply (ECF 9).

The Respondents repeat their argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Gamino Salto is subject to

---

[2] In early March 2026, an immigration judge denied Mr. Gamino Salto's request for asylum and other forms of relief. (ECF 9-2 at 2-3.) He states that he intends to appeal to the Board of Immigration Appeals before the 30-day appeal window closes. (ECF 9 at 7.)

2

mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 7.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[3] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Gamino Salto who are arrested within the interior of the country years after their arrival. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain

---

[3] The court is aware of the 2-1 opinion in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), reaching a different conclusion. That opinion is not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

3

the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306. Here, Mr. Gamino Salto was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 7-2 at 9.) However, he was denied bond because the immigration judge concluded that he is categorically ineligible for bond under § 1252(b)(2). (ECF 9-1 at 2.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide Mr. Gamino Salto with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753, at *1 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

Respondents argue that the court should not grant Mr. Gamino Salto any relief until he exhausts all available administrative channels, including appealing the immigration judge's order denying bond to the Board of Immigration Appeals. (ECF 7 at 6.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted). The court finds that to be the case here, because it is evident

4

from the record (and from the many other habeas petitions filed in this District in recent months) that the government views individuals like Mr. Gamino Salto who do not have legal status to be in the United States as categorically ineligible for bond.

Indeed, recent proceedings in a case out of the Central District of California lends further support for the conclusion that it would be futile for petitioners like Mr. Gamino Salto to pursue a bond hearing through administrative channels. In that case, the district judge issued an opinion vacating *Hurtado* on behalf of a nationwide class of individuals arrested by ICE within the interior of the United States and denied an opportunity for release on bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed that decision, and the Ninth Circuit last week granted the government a partial stay of the court's order, leaving the judgment intact as to class members located within the Central District of California, but staying the judgment "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 6, 2026). The district judge's ruling is thus unlikely to change the outcome of a custody redetermination motion filed by an individual like Mr. Gamino Salto who is outside of California. These proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

The court notes that Mr. Gamino Salto seeks either outright release or a bond hearing. (ECF 1 at 25.) The court views the opportunity for a bond hearing as the correct

remedy. Mr. Gamino Salto was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). He requests that the bond hearing occur within fourteen days, which is reasonable and will be granted. If the government does not provide him with an individualized bond hearing within that timeframe then he must be released, because his continued detention without an opportunity for bond is unlawful.[4] 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition for a writ of habeas corpus (ECF 1) and ORDERS the respondent to release Rigoberto Gamino Salto on or before **March 25, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order;

---

[4] Because the court concludes that Mr. Gamino Salto is entitled to relief as a matter of statutory law, the court does not reach his alternate argument under the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds.").

(3) **ORDERS** the respondent to file proof of compliance with this order by **March 26, 2026**; and

(4) **ORDERS** that any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on March 10, 2026.

                                                          /s/*Cristal C. Brisco*
                                                         CRISTAL C. BRISCO, JUDGE
                                                         UNITED STATES DISTRICT COURT